UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HEATHER S. THOMPSON,<br><br>    Plaintiff,<br><br>v.<br><br>SEQUIUM ASSET SOLUTIONS, LLC,<br><br>    Defendant. | Case No. 1:20-cv-07597 |

## COMPLAINT

**NOW COMES** Plaintiff, HEATHER S. THOMPSON, through undersigned counsel, complaining of Defendant, SEQUIUM ASSET SOLUTIONS, LLC, as follows:

### NATURE OF THE ACTION

1. This action is seeking redress for Defendant's violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

### PARTIES

4. HEATHER S. THOMPSON ("Plaintiff") is a natural person, over 18-years-of-age, residing at 68 Timber Trails Court., Gilberts, Illinois 60136.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. SEQUIUM ASSET SOLUTIONS, LLC ("Defendant") is a limited liability company organized and existing under the laws of the state of Georgia.

7. Defendant maintains a principal place of business at 1130 Northchase Parkway, Suite 150, Marietta, Georgia 30067.

1

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9. Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

10. Plaintiff subscribed to an At&T U-Verse Internet 100 plan at 624 Canterbury Lane, Pingree Grove, Illinois.

11. This plan provided 100 Mbps.

12. In September of 2019, Plaintiff phoned At&T to transfer this plan to 68 Timber Trails Court., Gilbert, Illinois.

13. At&T informed Plaintiff that they were unable to provide more than 5 Mbps at that address.

14. Plaintiff did not subscribe to At&T internet services at 68 Timber Trails Court, Gilbert, Illinois.

15. Instead, Plaintiff subscribed to WOW! Internet on September 25, 2019.

16. Three days later, Plaintiff cancelled At&T internet services at 624 Canterbury Lane, Pingree Grove, Illinois.

17. On September 28, 2019, WOW! completed installation at 68 Timber Trails Court, Gilbert, Illinois.

18. At&T mailed an account statement, dated October 12, 2019, which stated:

**Account summary**
| | |
|---|---:|
| Your last bill | $118.50 |
| Payment, Sep 18 – Thank you! | -   $59.25 |
| <span style="color:red">Past due – please pay immediately</span> | <span style="color:red">$59.25</span> |

**Service summary**
| | | |
|---|:---:|---:|
| Account charges | *Page 2* | $44.25 |

| | | |
|---|---|---|
| Internet | *Page 2* | Last bill $9.25, Difference + $35.00<br>$109.00<br>Last bill $50.00, Difference + $59.00 |
| Total services – due Nov 09, 2019 | | $153.25 |
| **Total due** | | **$212.50** |

Service activity
Account charges
| | | |
|---|---|---|
| Activity since last bill | *Sep 13 – Oct 12* | |
| Late Payment Charge | *Sep 16* | $9.25 < *One-time charge* |
| U-verse Restoral Charge | *Sep 18* | $35.00 < *One-time charge* |
| **Total for Account charges** | | **$44.25** |

**Internet**
| | | |
|---|---|---|
| Activity since last bill | *Sep 13 – Oct 12* | |
| Installation of AT&T Internet | *Sep 19* | $99.00 < *One-time charge* |
| Internet 100 Stand-alone<br>$10 off for 12 months<br>$10 off ongoing | *Sep 19- Oct 12* | -$40.00 < *Promotion removed* |
| Internet 100 Stand-alone<br>$10 off for 12 months<br>$10 off ongoing | *Sep 19 – Oct 12* | $40.00 < *Promotion added* |
| Monthly charges | *Oct 13 – Oct 18* | |
| Internet 100 Stand-alone<br>$10 off for 12 months<br>$10 off ongoing | | $10.00 |
| **Total for Internet** | | **$109.00** |

19.  Plaintiff did not request At&T installation services at 68 Timber Trails Court, Gilbert, Illinois on September 19, 2019.

20.  Nor did At&T complete installation services at 68 Timber Trails Court, Gilbert, Illinois on September 19, 2019.

21.  Plaintiff was not an At&T U-verse subscriber from October 13, 2019 to October 18, 2019.

22.  Six days later, At&T mailed an account statement, dated October 18, 2019, which stated:

**Account summary**
| | |
|---|---|
| Your last bill | $212.50 |
| Past due – please pay immediately | $212.50 |

**Service summary**
| | | |
|---|---|---|
| Account charges | *Page 2* | $9.25 |

3

| | | |
|---|---|---:|
| Internet | *Page 2* | $50.00 |
| Total services – due Nov 15, 2019 | | $59.25 |

| | |
|---|---:|
| **Total due** | **$271.75** |

Service activity
Account charges

| | | |
|---|---|---:|
| Activity since last bill | *Oct 13 – Oct 18* | |
| Late Payment Charge | Oct 17 | $9.25 < *One-time charge* |
| **Total for Account charges** | | **$9.25** |

**Internet**

| | | |
|---|---|---:|
| Monthly charges | *Oct 19 – Nov 18* | |
| Internet 100 Stand-alone<br>$10 off for 12 months<br>$10 off ongoing | | $50.00 |
| **Total for Internet** | | **$50.00** |

23.  Plaintiff was not an At&T U-verse subscriber from October 13, 2019 to October 18, 2019.

24.  On multiple occasions thereafter, Plaintiff phoned At&T to dispute the charges.

25.  At&T mailed an account statement, dated December 18, 2019, which stated:

**Account summary**

| | |
|---|---:|
| Your last bill | $331.00 |
| Past due | $331.00 |

**Service summary**

| | | |
|---|---|---:|
| Internet | *Page 2* | -$95.00 |
| Total services | | -$95.00 |

| | |
|---|---:|
| **Total due**<br>Please pay immediately | **$236.00** |

Service activity

**Internet**

| | | |
|---|---|---:|
| Activity since last bill | *Nov 19 – Dec 18* | |
| Internet 100 Stand-alone<br>$10 off ongoing<br>$10 off for 12 months | *Oct 22 – Nov 18* | -$45.00 |
| Internet 100 Stand-alone<br>$10 off ongoing<br>$10 off for 12 months | *Nov 19 – Dec 18* | -$50.00 |
| **Total for Internet** | | **-$95.00** |

4

26. At&T provided Plaintiff partial bill credits for the Internet services she did not receive.

27. However, At&T did not provide bill credits for the installation work that was not completed.

28. Plaintiff's *alleged* $236.00 balance is a "debt" as defined by 15 U.S.C. § 1692a(5).

29. Sometime thereafter, Plaintiff's *alleged* $236.00 balance was referred for collection.

30. Defendant mailed Plaintiff a letter, dated August 6, 2020 (the "Letter"), which stated:

| Account Information | |
|---|---|
| Date: | 08/06/2020 |
| Reference #: | 36487198 |
| Creditor Name: | At&T U-Verse |
| Creditor Account #: | 293729272 |
| Total Due: | $236.00 |

Dear Heather Thompson:

The account listed above has been in a delinquent status for an extended period of time and remains unresolved.

We are willing to work with you in an effort to resolve the remaining balance and encourage you to communicate with our office to put this matter behind you.

You can contact us at the phone number listed above or you can communicate with us about your account at www.sequium.com.

If you would like to make a payment on your account we have convenient ways to pay:

- **Pay Online:** Please visit www.sequium .com to communicate with us about your account
- **Pay By Mobile App:** Please download our mobile app from the App Store or Play Store
- **Pay By Phone:** Please call the number listed above and speak with a representative
- **Pay By Mail:** Please enclose the bottom portion of this letter with your payment

Thank you for your time and attention to this matter. We look forward to helping you resolve this outstanding obligation.

Sincerely,
Sequium Asset Solutions, LLC

You are hereby notified that a negative credit report reflection on your credit record may be submitted to a credit reporting agency if you fail to fulfil the terms of your credit obligations. Please be advised this matter will not be reported to a credit reporting agency until the 30 day validation notice, as stated below, has expired or validation has been sent to you.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt,

5

> or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

**THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**

31. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

## DAMAGES

32. Congress enacted the FDCPA to rein in certain "evils" associated with debt collection," *Bentrud v. Bowman, Heintz, Boscia & Vician, P.C.*, 794 F.3d 871, 874 (7th Cir. 2015), because existing legal remedies were, in its judgment, "inadequate to protect consumers." 15 U.S.C. § 1692(b).

33. To address those practices, the FDCPA imposes a "rule against trickery." *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 473 (7th Cir. 2007); see also O'Rourke v. Palisades Acquisition XVI, LLC, 635 F.3d 938, 941 (7th Cir. 2011) (noting that the FDCPA's prohibitions "keep consumers from being intimidated or tricked by debt collectors").

34. The statute thus gives debtors a right to receive accurate information, which they can enforce against debt collectors by bringing suit under the FDCPA. *See Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757 (7th Cir. 2009) ("The [FDCPA] is designed to provide information that helps consumers to choose intelligently ... .").

35. The value of receiving truthful information about one's financial affairs—and the ill effects of receiving misleading information—may be hard to quantify, especially where, as here, the plaintiff did not act upon the misinformation.

36. But being misled in violation of an anti-trickery statute like the FDCPA is a concrete harm, nevertheless. *See Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373-74, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982) (holding that a plaintiff "who has been the object of a

misrepresentation made unlawful" by federal statute suffered an injury in fact and thus had Article III standing).

37. The Letter sought to collect fees for the September 19, 2019 installation work that was not performed and was fervently disputed by Plaintiff.

38. Concerned with having had her rights violated, Plaintiff was forced to retain counsel; therefore, expending time and incurring attorney's fees to vindicate her rights.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

39. All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of 15 U.S.C. § 1692e

40. Section 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.
>
> (2) The false representation of –
>
>     (A) The character, amount, or legal status of any debt.
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

41. Merely dunning a person who is not legally obligated to pay the debt constitutes a false, misleading, or deceptive representation about the character and status of the debt. *Kayyal v. Enhanced Recovery Co., LLC*, 2019 U.S. Dist. LEXIS 161475 (N.D. Ill. Sept. 23, 2019) (citing *Owens v. Howe*, 2004 U.S. Dist. LEXIS 22728, 2004 WL 6070565, *11 (N.D. Ind. Nov. 8, 2004).

42. Defendant violated 15 U.S.C. §§ 1692e(2)(A) and e(10) by seeking to collect *alleged* fees/charges on behalf of At&T that Plaintiff did not owe.

43. Plaintiff may enforce the provisions of 15 U.S.C. § 1692e(2)(A) and e(10) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1) any actual damage sustained by such person as a result of such failure;

(2)

    (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that Defendant violated 15 U.S.C. § 1692e(2)(A) and e(10);

B. an award of any actual damages sustained by Plaintiff as a result of Defendant' violation(s);

C. an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D. an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

E. an award of such other relief as this Court deems just and proper.

8

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: December 21, 2020                             Respectfully submitted,

**HEATHER S. THOMPSON**

By: */s/ Joseph S. Davidson*

Joseph S. Davidson
LAW OFFICES OF JOSEPH P. DOYLE LLC
105 South Roselle Road
Suite 203
Schaumburg, Illinois 60193
+1 847-985-1100
jdavidson@fightbills.com